UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SHIHAB AHMED SHIAHAB SHIHAB,<br>  a/k/a SHIHAB AHMED SHIHAB,<br>  a/k/a SHIHAB AHMED,<br>  a/k/a ABU AHMED,<br><br>    Defendant. | CASE NO. 2:22-mj-366<br><br>MAGISTRATE JUDGE VASCURA<br><br><u>PROTECTIVE ORDER GOVERNING<br>DISCOVERY</u> |

WHEREAS, the government will provide materials to the defendant in the course of the discovery process to be used solely and exclusively in connection with litigating this criminal case (hereafter "Discovery Materials"), which may include, but is not limited to, copies of recordings made by witnesses, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case;

AND WHEREAS, the parties agree that the government has a compelling interest in preventing the Discovery Materials from being disclosed to anyone not a party to the court proceedings in this matter, as such material may include information relevant to ongoing national security investigations and prosecutions, and such materials may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS ORDERED that:

1. Except as provided below, Discovery Materials shall not be further disseminated[1] by the defendant or his counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense or determine if a plea of guilty is appropriate.

2. No Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

3. Defense counsel shall advise any person to whom the discovery materials are disclosed in accordance with this Order that further disclosure or dissemination is prohibited without defense counsel's express consent.

4. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of

---

[1] "Disseminated" means to provide, show, or describe to another a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

2

counsel of record or co-counsel. The government shall provide copies of any Discovery Material appropriately so marked.

5. Discovery Material shall not be maintained by the defendant, nor be in the sole physical custody of the defendant, nor shall the defendant be permitted to make notes of the content of said materials and keep such notes with him or disperse such notes or the contents thereof to anyone other than his attorney, members of his attorney's staff or those employed to assist in the defense.

6. This Order shall not prevent defense counsel from otherwise using the Discovery Materials to investigate or prepare for its case. Defense counsel may use the Discovery Materials to support any motion, direct-examination, cross-examination, etc., but may not attach any Discovery Materials from the Government as an exhibit to any motion without an accompanying Motion to seal said exhibit(s).

7. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place at all times.

8. The Discovery Materials in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all Discovery Materials shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the Government, all Discovery Materials shall be returned to the Government.

9. Nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to items of discovery material. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

SO STIPULATED:

DATED: 6/10/2022

*George Chaney, Jr.*
George Chaney, Jr.
Counsel for Shihab Ahmed Shihab Shihab

DATED: 6/14/2022

*Jessica W. Knight*
Jessica W. Knight
Assistant United States Attorney
Frank Russo
Trial Attorney
Counsel for United States of America

SO ORDERED:

*Chelsey M. Vascura*
CHELSEY M. VASCURA
U.S. MAGISTRATE COURT JUDGE

4